# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE FRANKS, et al., <br><br> Plaintiffs, <br> vs. <br> DEPUY ORTHOPAEDICS, INC., et al., <br><br> Defendants. | CASE NO. 12cv441-LAB (NLS) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

On February 21, 2012, Plaintiffs filed their complaint bringing state-law claims and invoking the Court's diversity jurisdiction. Because it appeared one of the Defendants was a citizen of the same state (California) as were Plaintiffs, the Court on February 24, 2012, ordered Plaintiffs to show cause why the action should not be dismissed for lack of jurisdiction. Plaintiffs were ordered to respond no later than Monday, February 27. After Plaintiffs filed nothing, the Court dismissed the action on February 28.

Plaintiffs' counsel then responded by telephoning chambers, saying he had been too busy to respond to the Court's order and notifying the Court that he would seek reconsideration. Then on March 7, Plaintiffs filed an *ex parte* motion for leave to seek reconsideration. The motion points out that the Plaintiffs wish their case to be part of the *Pinnacle* multidistrict litigation proceedings. The motion argues that the Court should allow the MDL panel to address issues of jurisdiction and proper Defendants.

/ / /

In support of this contention, the motion represents that other judges in this district have taken the approach the motion recommends:

> In fact, counsel for Plaintiffs have recently filed other matters arising out of the defective Pinnacle Device in the Southern District of California, naming the same three defendants, and those matters were promptly transferred to the *Pinnacle MDL.* (See for instance, *Stang v. Depuy Orthopaedics, Inc. et al.* 3:12-cv-00443-W-BLM)[.]

(Motion, 2:15–18.)

A review of the *Stang* docket, however, reveals that that case has *not* been transferred, nor has any action been taken there. In addition, it may be that Plaintiffs' counsel is mistaken about the district in which he or his firm filed cases involving these Defendants, but a docket search revealed this case and *Stang* are the only ones he or his firm have ever filed in this District against Depuy Orthopaedics or Dr. Thomas Schmalzried.

As the Court's standing order, ¶ 4(j), points out, reconsideration is disfavored unless the party shows there is new evidence, or a change in controlling law, or establishes that the Court committed clear error in its earlier ruling. *See School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (citing these three circumstances as warranting reconsideration, and noting also that "other, highly unusual, circumstances" may warrant reconsideration). *See also* Civil Local Rule 7.1(I) (requiring party seeking reconsideration to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application").

None of these factors is present here. In particular, the Court was acting as it is required to act. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle,* 429 U.S. 274, 278 (1977) (holding that court is "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction"). Because the Court made the required inquiry, and because Plaintiffs never responded, the Court was obliged to assume jurisdiction was lacking and to dismiss the action. Furthermore, Plaintiffs admit jurisdiction was lacking and even now is lacking, although they allege the jurisdictional defect can be cured by dismissing the non-diverse Defendant.

/ / /

The court recognizes that under Fed. R. Civ. P. 21 the Court may add or drop a party, on terms that are just, in order to avert the need for dismissal. At the same time, the complaint in no way suggests the non-diverse Defendant, Dr. Schmalzried, was anything other than a necessary party. The complaint brings thirteen separate claims, all of which are brought against all three named Defendants. The complaint alleges these Defendants conspired and cooperated together to commit all the wrongs giving rise to Plaintiffs' claims. (Complaint, ¶ 6.) The Court certainly would not have dismissed claims against Dr. Schmalzried *sua sponte*, nor is it clear that doing so now would be possible or just. The only basis for thinking Dr. Schmalzried is not a necessary party is Plaintiffs' counsel's declaration saying he would be prepared to refile the complaint without naming Dr. Schmalzried, if required to do so. Plaintiffs do not now claim they are prepared to dismiss Dr. Schmalzried if not compelled to do so; rather, they ask the Court merely to keep the case pending in its current form so it can be quickly transferred to the MDL panel.

The only basis on which the Court finds Plaintiffs might reasonably seek reconsideration is the fairly short time they were given to respond to the order to show cause. The order was issued on Thursday and they were given until Monday to respond. At the same time, the motion doesn't explain their counsel's failure to respond in a timely fashion.

First, the Court notes that the motion erroneously shaves off one day of response time by representing that the Court's order was issued on Friday, February 25. (Motion, ¶ 4.) Plaintiffs' counsel actually had one more day than he now believes. Second, because Plaintiffs' counsel receives notices of docket filings by email, and can file documents electronically at any time, he could have filed some kind of response on Thursday or Friday, or over the weekend if he wished, or on Monday February 27 until midnight. His representation that "other previously scheduled discovery and trial preparation matters on February 27th" prevented him from responding does not explain his failure to respond either before or after the scheduled matters. Third, any adequate response to the order to show cause would have been rather simple and would not have required much time. If Plaintiffs

were prepared to cure the jurisdictional defect by dismissing Dr. Schmalzried as a Defendant, they could simply have filed a notice voluntarily dismissing him. If they needed more time, they could have filed a request to extend the response time.

The only type of response that would have required a long time to prepare would be an inadequate one. For example if, as Plaintiffs are apparently now arguing, the Court should have overlooked the jurisdictional defect and allow the MDL panel to deal with it, their request would have been denied no matter when it was filed.[1]

Although there was no reason to address it earlier, the complaint also doesn't show why venue is proper in this District rather than in the Central District of California. The Plaintiffs and Dr. Schmalzried reside in the Central District, not in this District, and under normal circumstances all medical treatment would have taken place there, not here. Defendant Depuy Orthopaedics, Inc. and Johnson & Johnson, Inc. are alleged to be an Indiana corporation and a New Jersey Corporation, respectively, both doing business in California. But the complaint does not allege they do business in this District, or that any of their activities in this District gave rise to Plaintiffs' claims. Assuming Plaintiffs refile their claims, they should consider whether this District, or the Central District of California is the proper venue.

The motion for leave to seek reconsideration is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 8, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Even apart from the clear mandate to inquire into jurisdiction, overlooking the jurisdictional defect would serve no useful purpose. Even if this case were transferred, the court to which the MDL panel transferred it would be required to make the same inquiry. And if the case survived and were transferred back to this Court, the Court would be required to make the inquiry at that time. Furthermore, any court on appeal would be required to make the same inquiry. Allowing the case to proceed without a clear showing of jurisdiction would needlessly waste judicial resources and the parties' time and money.